# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WAYNE BAYS,<br><br>    Plaintiff,<br><br>v.<br><br>PHILLIPS, et al.,<br><br>    Defendants. | Case No. 1:17-cv-00811-JLT (PC)<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILING TO EXHAUST HIS ADMINISTRATIVE REMEDIES**<br>**(Doc. 1)**<br><br>**21-DAY DEADLINE** |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on June 16, 2017. Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The exhaustion requirement applies to all suits relating to prison life. *Porter v. Nussle*, 435 U.S. 516 (2002).

In the Complaint, Plaintiff alleges that he is highly allergic to onion and onion powder and, on June 13, 2017, he went into a severe allergic reaction when he was wrongly served a meal

which included a salad with ranch dressing that contained onion powder.  Plaintiff checked the boxes on the form complaint indicating that administrative remedies are available at the institution, that he submitted a grievance on his claims, and that he appealed it to the highest level.  However, this assertion cannot be truthful as Plaintiff signed the Complaint on the same day that the incident occurred -- June 13, 2017 -- and it was filed in this Court three days later.  It is physically impossible for Plaintiff to have filed an inmate appeal and pursued it to the highest level on the same date that the incident he complains of occurred.  Thus, it appears Plaintiff filed suit prematurely without first exhausting in compliance with section 1997e(a).  *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .").

Accordingly, Plaintiff is **ORDERED** to show cause **within 21 days** from the date of service of this order why this action should not be dismissed, without prejudice, for his failure to exhaust administrative remedies prior to filing suit.  **Plaintiff is warned that failure to timely respond to this order will result in dismissal of this action for Plaintiff's failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **July 24, 2017**              /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE