# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WAYNE BAYS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PHILLIPS, et al.,<br><br>　　　　　Defendants. | 1:17-cv-00811-JLT (PC)<br><br>**ORDER DIRECTING THE CLERJK OF THE COURT TO ASSIGN A DISTRICT JUDGE TO THIS CASE**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT**<br><br>**(Docs. 1, 7)**<br><br>**21-DAY DEADLINE** |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on June 16, 2017. On July 24, 2017, the Court ordered Plaintiff to show cause within twenty 21 days why this action should not be dismissed because of his failure to exhaust available administrative remedies prior to filing suit as was apparent from the face of his Complaint. (Doc. 7, "the OSC.") More than a month has lapsed without a response from Plaintiff to the OSC.

In the OSC, the Court warned Plaintiff the failure to exhaust available administrative remedies prior to filing suit is fatal to an action under § 1983. (Doc. 7.) As stated therein, the Prison Litigation Reform Act of 1995 requires that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available

1

are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit, *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002), regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). The exhaustion requirement applies to all suits relating to prison life. *Porter v. Nussle*, 435 U.S. 516 (2002). Exhaustion under § 1997(e) is an affirmative defense, *Jones*, at 216, most commonly raised by a defendant in a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, *Albino v. Baca*, 747 F.3d 1162, 1169-70 (9th Cir. 2014).

However, "the PLRA mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit." *Jones*, at 202. Exhaustion is an issue of "judicial administration" that is "appropriately decided early in the proceeding." *Albino,* at 1170 (citing *Myers v. Bethlehem Shipbuilding Corp*., 303 U.S. 41, 50-51 (1938) (referring to the "long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted"). Where, as here, a prisoner's failure to exhaust is clear from the face of the complaint, it is properly addressed at screening for failure to state a claim upon which relief may be granted. *Albino*, at 1168-69.

As noted in the OSC, though Plaintiff checked the boxes indicating that he exhausted available administrative remedies through the highest level, this assertion cannot be truthful as Plaintiff signed the Complaint on the same day that the incident occurred -- June 13, 2017 -- and it was filed in this Court three days later. (*See* Doc. 1.) It is physically impossible for Plaintiff to have filed an inmate appeal and pursued it to the highest level on the same date that the incident he complains of occurred. Thus, it appears Plaintiff filed suit prematurely without first exhausting in compliance with section 1997e(a). *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . ."). This action must be dismissed without prejudice because of Plaintiff's admitted failure to exhaust available administrative remedies prior to filing suit.

Accordingly, the Court RECOMMENDS that this action be dismissed without prejudice

for Plaintiff's failure to exhaust available administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a). The Clerk's Office is directed to assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** from the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 30, 2017**         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE